IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE

Civil Action No. 19-cv-01088-LTB-NRN

SHERRY POER, as Administratrix of the Estate of Christopher Poer, Deceased,
GAVIN POER, as Surviving Child of Deceased, and
McKENZIE POER, as Surviving Child of Deceased,

      Plaintiffs,
v.

SHERIFF TIM NORTON, in his official capacity,
DEPUTY CHRIS DICKEY, in his individual capacity; and
SERGEANT TRAVIS TURNER, in his individual capacity.

      Defendants.

___

# ORDER
___

This matter is before me on a Motion to Dismiss State Law Claims Pursuant to Fed. R. Civ. P 12(b)(1) filed by Defendants Deputy Chris Dickey and Sergeant Travis Turner [Doc #104], and Plaintiffs' Motion to Substitute Parties filed by Plaintiffs Sherry Poer, Administratrix of the Estate of Christopher Poer, Deceased, and Gavin Poer (G.P.) and McKenzie Poer (M.P.), as the surviving children of Christopher Poer [Doc #96]. Oral arguments would not materially assist me in my determination of these motions. After consideration of the parties' arguments, and for the reasons stated, I DENY Defendants' Motion to Dismiss and I GRANT Plaintiffs' Motion to Substitute to the extent that Gavin Poer and McKenzie Poer shall now be fully named Plaintiffs in this lawsuit.

1

# I. BACKGROUND

On April 12, 2018, Defendants Deputy Chris Dickey and Sergeant Travis Turner, both with the Elbert County Sheriff's Office, responded to a call during which Christopher Poer died while in their custody.

Plaintiffs subsequently filed this lawsuit asserting a federal claim against Deputy Dickey and Sergeant Turner (the "Individual Defendants") for Excessive Force in violation of the Fourth Amendment pursuant to 42 U.S.C. §1983 (Second Cause of Action). Plaintiffs also assert state law claims against the Individual Defendants for: 1) Wrongful Death (First Cause of Action); 2) Negligence (Fifth Cause of Action); 3) Assault (Sixth Cause of Action); and 4) Battery (Seventh Cause of Action). In addition, Plaintiffs assert a federal claim of municipal liability against Sheriff Tim Norton, in his official capacity with the Elbert County Sherriff's Office, for Deliberately Indifferent Hiring Practices pursuant to 42 U.S.C. §1983 (Fourth Cause of Action). [Docs #1, #43, #47]

# II. MOTION TO DISMISS

I first address the Motion to Dismiss in which the Individual Defendants seek to dismiss the four state law claims – for Wrongful Death, Negligence, Assault, and Battery – alleged against them by Plaintiffs Gavin and McKenzie Poer (the "Children Plaintiffs") for lack of jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). [Doc #104]

The state law claims raised in this case are subject the Colorado Governmental Immunity Act, Colo. Rev. Stat. §§24-10-101 *et seq.*, ("CGIA"). In

order to maintain a tort action against the state, its political subdivisions, and its employees, the CGIA requires that persons seeking damages from a public entity or its employee must provide written notice of the claim to the entity within 182 days of discovering the injury pursuant to Colo. Rev. Stat. §24-10-109(1). Specifically, §24-10-109(1) provides that:

> Any person claiming to have suffered an injury by a public entity or by an employee thereof while in the course of such employment . . . shall file a written notice as provided in this section within one hundred eighty-two days after the date of the discovery of the injury, regardless of whether the person then knew all of the elements of a claim or of a cause of action for such injury. Compliance with the provisions of this section shall be a jurisdictional prerequisite to any action brought under the provisions of this article, and failure of compliance shall forever bar any such action.

As relevant here, the statute further provides that "the notice shall contain" various information including "[t]he name and address of the claimant . . .". §24-10-109(2)(a). The statute also provides that "[w]hen the claim is one for death by wrongful act or omission, the notice may be presented by the personal representative, surviving spouse, or next of kin of the deceased." §24-10-109(4). "The notice requirements of the CGIA apply when federal courts hear Colorado tort claims under supplemental jurisdiction." *Aspen Orthopaedics & Sports Med., LLC v. Aspen Valley Hosp. Dist.*, 353 F.3d 832, 838 (10th Cir. 2003).

In this motion, Defendants assert that while the Estate provided the necessary notice of its state law claims as required by the CGIA, the Children Plaintiffs failed to provide the requisite notice of their claims. Specifically, the notice provided to Defendants indicates that the only claimant is "The Estate of

3

Christopher Poer." [Doc #180-2] The notice does not name any other claimants, including the Children Plaintiffs. Defendants argue that because the Children Plaintiffs have failed to provide notice as required by the CGIA under §24-10-109, their state law claims are jurisdictionally barred as untimely. Plaintiffs argue, in response, that the notice of claim in this case satisfies the intent and purpose of the statute, and substantially complies with the CGIA notice requirement as well as the spirit of the law, and thus Defendants' motion to dismiss should be denied.

Except as to the condition that a CGIA notice be filed within 182 days after discovery of the injury, "[a] notice of claim substantially complies with a requirement if the plaintiff makes a good faith effort to satisfy the requirement and any error or omission does not prejudice the public entity by adversely affecting its ability to defend against the claim." *Dicke v. Mabin*, 101 P.3d 1126, 1132 (Colo. App. 2004)(citing *Woodsmall v. Reg'l Transp. Dist.*, 800 P.2d 63, 68 (Colo. 1990); see also *City & Cty. of Denver v. Crandall*, 161 P.3d 627, 632 n.5 (Colo. 2007)(noting that while the requirement to file within the statutory period is jurisdictional, "the adequacy of the notice's contents is subject to a substantial compliance standard under section 24-10-109(2)"). A public entity is not prejudiced by a plaintiff's failure to comply with a CGIA notice requirement "as long as the plaintiff's error does not prevent the public entity from investigating and remedying any dangerous conditions, making adequate fiscal arrangements to meet any potential liability, or preparing a defense to the claim." *Id.; see also Estate of Petrillo v. City of Aurora*, No. 2-CV-1171ZLWMJ, 2005 WL 1500965 (D. Colo. June 24, 2005)(unpublished)

4

(finding that the plaintiff's notice contained sufficient information to substantially comply with §24-10-109(2)). Substantial compliance contemplates whether the intent and purpose of the statute are satisfied and must be evaluated on a "case-by-case basis, considering principles of agency and equity, [and] the purposes of the statute." *Finnie v. Jefferson County Sch. Dist.*, 79 P.3d 1253, 1262 (Colo. 2003); *see also Rohrer v. Cty. of Adams*, No. 10-CV-01453, 2011 WL 805770 (D. Colo. Mar. 1, 2011)(unpublished).

Plaintiffs bear the burden of "demonstrating that notice was properly filed so that the suit may proceed." *Rohrer v. Cty. of Adams, supra* (*quoting Finnie v. Jefferson County Sch. Dist.*, 79 P.3d 1253, 1261 (Colo. 2003)); *but see Woodsmall v. Reg'l Transp. Dist., supra*, 800 P.2d at 68 (ruling that the defendant bears the burden to establish that the plaintiff failed to substantially comply with the notice requirements of §24-10-109 on remand of its motion to dismiss). The burden on this issue is "relatively lenient" and governmental immunity statutes are narrowly construed. *Finnie v. Jefferson Co., supra,* 79 P.3d at 1261 (noting that the plaintiff is "afforded the reasonable inferences of [their] evidence in proving compliance with section 24-10-109(3)").

Plaintiffs concede that the Children Plaintiffs were not separately named as claimants in the notice in this case, but argue the notice nonetheless substantially complied with the requirements of §24-10-109 to provide notice of their state claims. Plaintiffs note that the content of the notice accurately sets out the facts related to the incident and all their claims (both federal and state) that were ultimately plead

5

in this lawsuit, as well as that the notice was timely filed within 182 days of the date of the discovery of the injury. [Doc #180-2] Plaintiffs further note that the notice is clear that they are bringing a wrongful death claim which, by operation of law at Colo. Rev. Stat. §13-21-201, must be brought by Mr. Poer's surviving children who are the beneficiaries of his estate. Finally, to the extent that the omission of the Children Plaintiffs as claimants was an error on the notice, Plaintiffs contend that it was made in good faith.

While I acknowledge Defendants' argument that this court lacks jurisdiction to hear the Children Plaintiffs' claims because *they* failed to file a notice within 182 days, I find that the timely notice of claim filed by the Estate of Christopher Poer was sufficient to provide notice of the Children Plaintiffs' claims in this case. First, the reasonable inference is that naming the Estate of Christopher Poer as the claimant constituted a good faith effort, under the circumstances, to satisfy the requirement that the notice contained the name of the claimant in §24-10-109(2)(a). More importantly, the omission of the Children Plaintiffs as claimants on the notice did not prevent Defendants "from investigating and remedying any dangerous conditions, making adequate fiscal arrangements to meet any potential liability, or preparing a defense to the claim," resulting in no prejudice. Therefore, because the notice in this case substantially complied with the requirements of §24-10-109 – in that Defendants were aware of the claims to be raised against them by the Estate of Christopher Poer, including wrongful death, even though the notice did not specifically name his children as claimants – I deny Defendants' motion seeking to

6

dismiss the state claims asserted by the Children Plaintiffs in this case. *See e.g. Bresciani v. Haragan*, 968 P.2d 153, 159 (Colo. App. 1998)(recognizing that only one name was listed in the CGIA notice under the section captioned "Name and address of Claimant," but allowing other family plaintiffs' claims because "[t]he notice nevertheless gave the public entity the information necessary to conduct an investigation, to remedy any problem, and to make adequate fiscal arrangements to meet any potential liability . . . ").

### III. MOTION FOR SUBSTITIUTION OF PARTIES

I also address the Plaintiffs' "Motion to Substitute Parties" in which they seek to fully name the Children Plaintiffs as parties in this case, as opposed to using their initials, because they are no longer minors. [Doc #96]

Defendants oppose this motion on the basis that Plaintiffs are not asking to "substitute" the Children Plaintiffs, but rather are seeking to change the caption in this lawsuit to indicate the names of the Children Plaintiffs. However, Defendants indicate that they "have no objection to amending the caption to reflect the full names of the listed minor-Plaintiffs." [Doc #107 pg. 2] Because amending the case caption to reflect the full names of G.P. and M.P. to "Gavin Poer and McKenzie Poer" appears to be the relief sought by Plaintiffs, I GRANT their motion to that end.

ACCORDINGLY, for the reasons stated, I DENY the Motion to Dismiss State Law Claims Pursuant to Fed. R. Civ. P. 12(b)(1) filed by the Individual Defendants

7

[Doc #104], and I GRANT Plaintiffs' Motion to Substitute Parties [Doc #96] to the extent that the Plaintiffs Gavin Poer (G.P.) and McKenzie Poer (M.P.) shall now be named plaintiffs in the caption of this lawsuit, as designated above.

Dated: March 21, 2022 in Denver, Colorado.

BY THE COURT:

s/Lewis T. Babcock

LEWIS T. BABCOCK, JUDGE